**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4021**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONARDO CHAVARRIA MURO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:17-cr-00124-MR-WCM-1)

Submitted:  July 31, 2019                                          Decided:  August 19, 2019

Before NIEMEYER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonardo Chavarria Muro appeals his conviction for distribution and possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (2012). Muro argues on appeal that the district court abused its discretion by accepting into evidence a transcription and translation prepared by a witness who was not proffered as an expert under Rule 702 of the Federal Rules of Evidence. We affirm the district court's judgment.

Assuming without deciding that Muro's objection at trial preserved the issue he seeks to raise on appeal, we review the district court's evidentiary ruling for an abuse of discretion and "will only overturn a ruling that is arbitrary and irrational." *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (alteration and internal quotation marks omitted). "A court has abused its discretion if its decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted). We will not vacate a conviction under this standard, however, if an error was harmless. *United States v. Sutherland*, 921 F.3d 421, 429 (4th Cir. 2019). "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Johnson*, 617 F.3d at 292 (internal quotation marks omitted).

Rule 701 of the Federal Rules of Evidence governs lay opinion evidence and authorizes a witness "not testifying as an expert" to present opinion evidence that is:

"(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. In contrast, Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if (1) the expert's specialized knowledge will help the jury to understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; which (4) the expert reliably applied to the facts of the case. Fed. R. Evid. 702.

"[T]he line between lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one, [and] the guiding principle in distinguishing lay from expert opinion is that lay testimony must be based on personal knowledge." *Farrell*, 921 F.3d at 143 (internal quotation marks omitted). Courts must also consider "whether the proposed testimony relies on some specialized knowledge or skill or education that is not in the possession of the jurors." *Id.* at 143-44 (internal quotation marks omitted).

Thus, in undertaking its gatekeeper role to ensure that evidence is reliable under Rule 702, a district court "must decide whether the expert has 'sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case.'" *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 162 (4th Cir. 2012) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156, (1999)). In making this decision, the court should "consider the proposed expert's full range of experience and training." *United States v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009). "[A] witness' qualifications to render an expert

3

opinion are . . . liberally judged by Rule 702." *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). If the district court erroneously admits opinion testimony under Rule 701, the error is harmless if the witness could have been offered as an expert under Rule 702 in the first instance. *See United States v. Perkins*, 470 F.3d 150, 156-57 (4th Cir. 2006) (applying plain error review, no error where witnesses could have been offered as experts based on their experience and training); *see also United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246-47 (9th Cir. 1997) (holding that, although it was error for district court to admit opinion testimony under Rule 701, error was harmless because witnesses could have been qualified as experts under Rule 702).

We find that any error in the admission of the witness' opinion here was harmless. Assuming that the government should have proffered the witness as an expert, we find that she would have qualified as an expert under Rule 702 in the first instance. Although the witness is not a federally certified interpreter, the lack of formal certification by a professional organization—although relevant to her expertise—is not dispositive; Rule 702 "does not require any particular imprimatur." *United States v. Gutierrez*, 757 F.3d 785, 788 (8th Cir. 2014); *see United States v. Barker*, 553 F.2d 1013, 1024 (6th Cir. 1977) ("An expert need not have certificates of training, nor memberships in professional organizations.").

The witness here is a native Spanish speaker, growing up in a Spanish-speaking family. Although she does not hold a degree in Spanish, she took Spanish classes in school, spoke Spanish at home, and used Spanish daily in her years of work with Homeland Security along the Mexican border. The witness testified that she is "very much proficient"

4

with Spanish and that her "many years on the Mexican border" allowed her to "pick[] up quite a bit on the slang," such that she can "translate quite easily" and understand and speak with Spanish speakers of Mexican heritage. (J.A. 234).* The witness testified to her methodology, stating that she listened to the recording of the controlled drug purchase, which was conducted in Spanish; transcribed the audio in Spanish; and then translated it into English, preparing a written chart identifying the speakers and the text of their conversation in both languages. Muro does not allege that the witness' methodology was flawed or that her translation was inaccurate in any way. Based on these facts, we conclude that the witness was qualified to provide her expert opinion under Rule 702 and that any error by the district court was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

5